Oh, yes. Oh, yes. Oh, yes. The Honorable Health Force of the District of Oklahoma is now in session. Please be seated. Good morning, everyone. Before we begin our docket today, I would like to publicly announce the retirement of Justice Moore from our bench. And for those of you who are familiar with Justice Moore, you know that he is a distinguished member of our court, who always puts in the work, is always prepared, and is always have the best interests of the litigants at heart. So we would like to congratulate him publicly on his retirement and wish him well. We will miss him greatly. With that said, we'll call the first case on the docket, which is 525-0546, in the interest of Michael J. Leiter. Mr. Daly? Good morning, Your Honors. Good morning. May it please the Court, Counsel, for the record, my name is Patrick Daly. I'm appearing here on behalf of the state. Well, we have a lot to get to in this case, so let's just jump right into it. We have a number of issues here, some of which I think are fairly novel and interesting. But before we get to all that, we have to first address an argument that was raised by the respondent. One of the files right there. You might believe I did refer to Michael as defendant. I think respondent is probably appropriate, given the procedural posture of this case, as an appeal from a juvenile court proceeding. But it's bounced back and forth. I will refer to him as respondent during the course of this argument. This court obviously has an independent obligation to determine its own jurisdiction, but the respondent has raised a challenge to jurisdiction. The principle theory being that the time in which the state should have appealed wasn't the point, but the court granted the motion to reconsider the transfer, sent it back to juvenile court for essentially new transfer proceedings. As the Supreme Court initially determined in People v. De Jesus, this court actually found a derivation of the De Jesus decision in Henry Zachary G. for an EJJ, Extended Juvenile Jurisdiction case. That Rule 604 applies to appeals from the denial of a transfer of a case from the juvenile court to the adult court. There's a tantamount to a dismissal of a case. What happened here, though, and I think one of the common threads of those decisions, is that the decision of the court was one of finality, that the denial of a transfer essentially stopped the state from proceeding as prosecuting the individual as the juvenile as an adult. The court would look at, I think in that reply brief, People x Rel. Alvarez v. Howard, which deals with the situation where there's a transfer from adult to juvenile court. The state filed a motion for supervisory order. The juvenile challenged that, arguing that the state had to take an appeal because you can't seek supervisory order if you have an appellate remedy. The Supreme Court disagreed and said that their jurisprudence had made it clear that the matter of which court an individual is appearing in front of is a matter of essentially location, not as a matter of finality. So, consistent with this prior jurisprudence, it found that this was not something the state could appeal, and that it can only appeal in those situations where the state no longer had the option. Here, the state still had the option at the time, and the opportunity, and the potential reality of having Michael prosecuted, the respondent prosecuted as an adult, when the court held new transfer proceedings. So, to our position, Your Honor, that this court does have jurisdiction to consider this case. Moving forward with that, we've obviously raised a number of different issues in our briefs, but I want to start, first of all, with the court's order. It's always kind of the starting point. There was a lot of discussion, and some, I think, very well drafted pleadings by Respondent's counsel, about, you know, were the proceedings that occurred at the juvenile court level at the transfer hearing, were those done properly? Did they comply with the process? Was the respondent required to be addressed personally on the record about whether he was going to essentially go along with his attorney's, I guess, at least in the pleadings, concession of probable cause as part of the fuller process, which is involved in the transfer proceedings. The court ultimately didn't decide those issues directly, but what it held is that under 75 ILCS 405-5-1309, that's in paragraph 9 of the Juvenile Court Act, which is the excluded jurisdiction statute of the Juvenile Court Act, that this provided the only means by which a juvenile, by which a waiver, if you will, could take place during the process of the transfer. What that extended jurisdiction statute states is that if a minor, with the consent of his counsel, or her counsel, wishes to remove a case from juvenile court to adult court, they can do so, okay, with the consent of their attorney. So it's basically, from the judge's perspective, below is an all or nothing proposition. In other words, you can't do a partial waiver. You can't say, all right, we're going to waive, or we're going to concede probable cause, we're going to go right to all the other multifaceted components of the transfer statute. And so since that wasn't done here, and since that can't be done here, the way it was done, the proceedings itself were essentially corrupt. In other words, it may be a strong point. But they were not done properly, and so we need to start all over again. Your Honors, I would first of all start that I don't think that that decision is correct. The reason I say so is, number one, it's a different statute altogether, which doesn't really address transfer, okay? And number two, it doesn't deal with the precise situation that we're dealing with here. This is an instance where, if a minor wishes to be transferred to adult court, there's a mechanism by which the minor can affirmatively request to do so. Okay, and if that's the case here, and if minors want to remove himself from the excluded jurisdiction, then this is the procedure which has to take place. In this instance, though, there was no such request by the minor. The minor was in fact, the respondent was in fact, protesting the transfer, but I think that for ease of narrowing the issue for the court, the respondent said, okay, well, we're not going to challenge probable cause, and we're going to just go ahead and contest the state's petition on all these other bases. The input of that, and I think that the judge's focus was incorrect here, I do think the court needed to focus on what happened as far as whether it was proper procedure as far as what counsel did, or can counsel waive a probable cause determination or admit to as part of the overall process of challenging the transfer petition by the state. So, I think that, and I think the respondent argues on appeal correctly, that it's the result and not the reasoning of the trial court that controls. So, it's not a matter of, well, if this court finds that the trial court is incorrect, it's a fact that that's it, you know, we win. No, we don't win, necessarily. But I think that we have to restart there. So, moving on from that, then, we've got kind of three parts going on here. I don't know if I'll get to all three of them, but I'll do my best. The first part, the first inquiry is, can an attorney waive or concede on behalf of the minor client a probable cause determination as part of the transfer statutes procedure? The second issue sort of stands on its own as, what's the effect when it was transferred to adult court about the probable cause determination that was made by the trial court during the adult proceedings, because it was a preliminary hearing, in which there was a waiver by the respondent. The third issue, then, is, if these two things don't occasion reversal, then was the trial court's determination that there's no probable cause. And that's an evidentiary issue, of course. I don't want to distract you too much. Let me clarify, or have you clarify one or two things. I know we may be pressed for time here. As you say, they're weighty issues. Going back to the question of jurisdiction, you're not contesting the jurisdiction of juvenile court to entertain this motion to reconsider. I am not, no. And again, I think that's consistent with our position that whether it's adult or juvenile court, it's all one court. So it's just part of the whole prosecutorial continuum. Okay, I'll hold my question until you go on with the next part. I think it will be appropriate later. Okay. So the extended, excuse me, the transfer statute requires, among many factors, that the court makes a finding, probable cause of belief that the allegations in the motion are true. That's purely statutory language. It doesn't say the allegations in the petition are true, but the allegations in the state's motion. I think that's probably more a language error than anything else. It's always been consistently interpreted as whether there's probable cause for the charge itself, as is contained in the petition. In this case, through the course of the juvenile proceedings before the transfer, the respondent's counsel admitted to probable cause on behalf of his client. First at the time, we extended juvenile jurisdiction statute. And not only that necessarily is the answer here, but I think it's part of the mindset going into it. I should note that that counsel, Mr. Rodgers, is not the attorney that was involved at this stage. And then, when the state filed its petition to transfer, counsel responded, did concede, was not going to contest probable cause, but chose to challenge the other statutory factors. We got to the hearing itself, but there's one pre-hearing where counsel sort of agreed that that's more than an adamant case as far as probable cause goes. But by the time we got to the actual hearing itself, the court actually pressed him on the issue. He gave kind of a non-answer, to be perfectly frank, but didn't withdraw the concession either. So the court said, well, fine, if you want to answer this, I'm going to find probable cause. And then, ultimately, after hearing the evidence, granted the petition to transfer. I appear I'm out of time. If I could have one minute to finish to start judging. Okay. Okay. So I think that here... Excuse me. What we've got is a... The probable cause determination that occurs at the statutory stage here and the probable cause that occurs in the constitutional trial context are kind of different creatures, but sort of have kind of the same sort of evidentiary purpose in the sense that, you know, how we define probable cause, what's the level quantum of evidence that's necessary for proof. However, and I make note at the beginning of my brief, I'll try to do this really fast, that there are a number of things that only a defendant can admit to or do, which is, you know, a list of them, which I've laid out, like a plea guilty, waive jury trial, testify, et cetera, et cetera. Waive preliminary hearing has never been one of those. And I'm not saying here, and I'm not going to try to argue that the court does not get to personally address a defendant in a criminal trial context, which is a constitutional mandate stemming all the way from our United States Constitution. Mr. Jaley, do you agree that the defendant has to waive the preliminary hearing in an adult court? I do. Okay, so why would we impose a different standard on juvenile? Because here, again, it's not so much a different standard on the juvenile, it's a different standard in terms of the procedural context in which the waiver occurs, okay? So constitutional rights, I think, occupy a certain realm of importance, if you will, which are created by the United States Constitution. We only have preliminary hearings because the 14th Amendment's not been applied to the states. Otherwise, everything would have to be by indictment. So, but there's, I mean, so it's embedded in both the old and the United States Constitution. But the Juvenile Court Act is a creature of statutory creation, okay? But we still have an individual charge for the crime. We still have an individual charge of the crime, but we could make that same argument about any aspect of the statutory procedure that's leading up to the transfer of the defendant, excuse me, the respondent, to adult court, correct, Your Honor? I mean, I think that if we are going to elevate some aspect of this transfer petition proceedings above the others, then we're going to have to say, well, this is a statutory procedure which mimics or runs, you know, kind of in the same sort of linguistic mindset that the judge has to make a determination, which was done here by virtue, I guess, at least to some extent by the counsel's admission here. But it doesn't make it a constitutional right. Statutes don't make constitutional rights. They don't. What about the fact that, taking your argument that this is a statutory creature, what about the fact that the argument is being made that this decision belongs to the trial court and not to either party, that it is a factor that is a prerequisite, if you will, in the statute? What do you have to say about that? Well, what I have to say about that is that I think that that language from the trial court, I think, stemmed, again, and I don't remember what you're talking about here, because that was in the court's order, but I think that that stemmed from this interpretation of 5-1309 in the statute that basically says that, well, because this is the only way in which we can go from juvenile to adult court, where there's some waiver involved, the court has to make the finding otherwise. In other words, that the court's... The only means by which we can do... This is a very confusing answer. You've lost me. No, let me hit the reset button. I want to know if this is a priority of the court, as opposed to a waiver... No, my pharmacistic answer is no. It is not a requirement of the court to make a factual finding. It has to make a finding. Just like a court has to make a finding of probable cause of the adult court. Because the finding can be made by either the presentation of evidence or the argument of the parties, or by stipulation, or waiving, or concession. Okay? But that's not in the statute. No, neither... That's not in the statute. But neither is in the statute that you have to have a hearing where the court makes a factual finding. The court has to just make a finding. In fact, the statute says that the court finds that there's probable cause I believe that the allegations in the motion are true. So, findings occur in all forms. Certainly you would agree, Your Honor, that in the adult context, if there's a waiver, there's a finding of probable cause. There has to be. Yes, but the defendant must make that waiver. His counsel cannot make it for him. In the constitutional context, yes. I agree with that. Maybe I agree with that. But I certainly would disagree, Your Honor, respectfully that that has to be done in the statutory context. This is just a statute. This is just the legislature saying, here's what you've got to do. They haven't embedded any constitutional right. I was going to say, you don't think that the statute can embed a constitutional right to the defendant? To due process. Okay. Because due process has always been understood in terms of right to be heard, which is certainly here. Right to counsel. Right to present evidence. We know, we've got just a number of rights that are attached to due process. There's been no violation of due process here. Responding to his parents, I'm sure, in his juvenile proceedings, depending on how long, we presume, in the simplest trickling context, that there's been conversations and understanding of what this procedure is all about. So, I guess at my dividing point, Your Honor, is that while it's an important right, because the statute grants it, it doesn't rise to the constitutional right where the personal waiver, presumably, is required at the criminal court level, which is right here. One last thing, if I can finish off here. The defendant, respondent, will still have a preliminary hearing at the criminal stage. So, it hasn't been like, okay, this finding has been made and then we're done. You know, there's still that opportunity to challenge it. I'm not trying to minimize the importance of the procedure. I'm not trying to minimize that requirement of the court to make these findings. What I'm saying is that there's no constitutional right created by the statutory procedure for the court to make a probable cause of termination. What's throwing everybody here is the use of the words probable cause because it has such a significant meaning in the constitutional context, but this is not a constitutional requirement. It's a legislature to now say we're going to do where the old juvenile court act, it could do something. Okay. Thank you, Your Honor. One second. Just a second. I do just a clarification going back.  Do you have, do you know of any particular cases you can cite for authority to permit or prohibit a concession as done in this case on a petition to transfer in a juvenile case? I've looked long and hard and it really is, there's nothing that's really dealt with this precise situation. There are, and I think Respondent has cited a number of decisions which I think correctly identify the gravity of the proceedings and I think that they identify that there is a due process right embedded in the proceedings. It's our position that there's no violation of due process by virtue of counsel's strategic decision, whatever it may be or why, to forego challenge to the probable cause of termination as part of the broader challenge to the state's attempt to transfer the case to the adult court. Thank you. You may be the first court to come to that decision. Thank you. You'll have a few minutes after Mr. Rogers has presented his argument, Mr. Bailey. Mr. Rogers, if you need additional time, that might Mr. Bailey going over will accommodate you on that. Good morning and thank you, Madam Justice. Congratulations, Justice Moore. Good to see you, Justice Hackett. I'm a bit surprised that Mr. Bailey So I'm sorry, John Rogers, may it please the court, on behalf of Michael J. Juvenile. I'm a little shocked to hear Mr. Bailey's argument before the court here because in reviewing his brief, what I thought was a very straightforward statutory analysis with a de novo review became an abusive discretion analysis dealing with the appropriate transfer back to juvenile court in the first place. The state then goes on to complain in their second point about the probable cause determination made by the judge. The real procedure that happened here because I was part of it and I was there is we, on my motion to reconsider transfer, the criminal court stayed the criminal proceeding or attempted to stay the criminal proceeding. It was remanded to the juvenile court for the juvenile court's determination on the appropriateness of transfer. We began to argue about some of the very same things that Mr. Bailey is complaining about in front of Judge Gronke, which dealt with the issue of voluntary labor. The judge asked us all to brief this particular issue, which I did and the state refused to do before Mr. Bailey briefed it in his appeal. But what I do agree with him if I understand him correctly today is Judge Gronke, even though I briefed this particular issue, sustained the motion for reconsideration and invited a probable cause hearing and statutory determination in compliance with the juvenile court act. When we argued that the judge set the case for another hearing, he wanted to hear probable cause evidence or evidence of probable cause and when he ordered the case to be reconsidered he did it with a combination of two different statutes. It's a statutory analysis and it's not, as to point one, I don't enjoy the abuse of discretion standard, but it was unique which is why I think we're here today So what is the standard of review? I think as to count one, the standard of review is de novo. It's a statutory it's a combination of a statutory analysis that is unique to these particular facts in my opinion. I think with respect to the complaint by the state as to their second point, which is the appropriateness of the judge's decision dealing with probable cause it's abuse of discretion. And of course they were through their third complaint here, but I would certainly invite you, because of the statute of limitations issues when issuing an opinion, if it goes in my favor, to direct them that count three can't even be brought back even if they wanted to. Mr. Rogers, on that point, let me ask you this. How do you address the contention that probable cause hearing in the Juneau case, after the motion reconsidered, this is the one in June of 25 is of little or no legal consequence to this case? I think it is, Your Honor and I'm sorry if I insinuated that it isn't. In count number two, I think it was paramount. I think, Judge this is my theory, Judge Grunke brought it back for a probable cause hearing to send it back to adult court, but when the state's theory of probable cause changed from its initial theory which dealt with an AT&T text that was incorrectly interpreted by law enforcement, to this new theory of probable cause, which is having a text conversation 30 or more seconds before the screen goes blank is somehow probable cause that you were paying attention to the roadway he was shocked and he began to confront the state about their lack of nexus I don't mean to lead you far astray, but in the case record you are on record as arguing to the judge when asked about a probable cause hearing that you think the state has the right to present evidence, but you think it is of little consequence, basically summarizing because the outcome of the hearing I don't want to put words in your mouth, is irrelevant because of my client because of the time and the age of my client, I think his age at the time and the moment of that argument, your honor even though it was a timely filed motion for transfer, by the time we got back to reconsideration a very technical point I was making but advocating for my client that the juvenile court had no jurisdiction at that point in time to bind the case over on the state's transfer motion because of the age at that time of the respondent yes sir Mr. Daly, if you can keep in mind, if you want to address that when we come back please so when Judge Bromley was left with these arguments before him at the probable cause hearing the record is very clear that he took great umbrage with the lack of probable cause that was presented in any event if you're not persuaded by any of my arguments here today and you decide that the state's arguments have merit, what I think if I could suggest a remedy in that circumstance would be, is my client has a right to go back to juvenile court I would ask the court because I was denied the opportunity to call witnesses at that, expert witnesses to contest probable cause at the transfer hearing the statutory factors he didn't even get to or were addressed because under the juvenile court act you need to find probable cause and there needs to be an analysis of the statutory factors, that hasn't occurred as well I would still make the same point that Justice Hackett made I'm not sure I follow you, if there was a waiver of probable cause on the transfer to adult court how do you get back to juvenile court? I think that would only be if the courts found merit in the appellate point number two I don't think that my argument there when you talk about appellate points, are you talking about the briefs? Yes ma'am, I'm sorry it was the state's position that the judge erred and abused his discretion in finding a lack of probable cause if that argument is persuasive to you, then I think the remedy is to go back and to have the fight on to allow Judge Grunke to try to remedy this situation allow for more evidence to be presented by not only myself, but the state and go through the statutory analysis that he didn't even get to because he didn't find probable cause what Judge Grunke was stuck with, he didn't do exactly what I asked him to do when I asked him to deny transfer because of both jurisdictional issues and age related issues he went through the statutory analysis that was discussed in this particular case that relied on a combination of statutory factors dealing with the appropriateness of transfer and probable cause so I think his order was very clear and I think much of the state's reply brief ignored that, dealt with a variety of different issues which made the argument difficult for me to follow not only today but in responding to their argument so what I hope to do is just try to simplify my perspective which has been I think well laid out in the reply brief and I don't have anything else to add unless I can respond to any of your questions so what you're asking is that if this court reverses the decision that you'd be allowed to go back to juvenile court under the discretionary transfer statute if the court decides to reverse on the appellate point that there was an abuse of discretion and that with respect to the probable cause finding then it would go back well the judge found there was no probable cause at the transfer hearing if you are persuaded that he abused his discretion based on the appellate point that wasn't really argued much today but was briefed then I think I get another bite of the apple back in juvenile court but my main no I think we go back it's a complete waste of time what would be even better is for you to recognize the lack of jurisdiction but it wasn't a point in the state's appeal so I think it procedurally goes back to juvenile court I make that record and then when the judgment and order is final then I'm back in front of you at some point if that would be the case if we're being hyper technical if you have the authority and I believe you do just to get rid of it both on point one and from a statutory analysis purpose and denied point two based on the lack of abuse of discretion of course that's what I asked for in the brief and I'm asking for here today okay any further questions? no thank you thank you thank you very much Mr. Rogers do you want to address Justice Hackett's question? I'll start with that and then I'll address some of the things you discussed I only sort of vaguely recall that part of the record Justice Hackett but I think that I would agree with Mr. Rogers and I think that the context of that was the fact that the point that we had got to the the second transfer hearing the respondent already aged out of the juvenile court system so either the transfer gets granted or then denied because they can't proceed forward on the juvenile case at that point because he's too old and the juvenile court won't have jurisdiction over him anymore I think he's 21 or 22 at the time I think that was the context in which some of those comments may have been made that's my recollection I hope that helps let me try to clarify a little bit some of the procedure so we have kind of a couple moving parts here our initial point is that the motion to reconsider should not have been granted those points being that I think that that relates very much so to the first argument that I made here with regards to whether counsel can admit to probable cause on behalf of the respondent because if that concession is accepted and it's proper or appropriate then the transfer was always proper in the first place and it should have stayed in the adult court with regards to the other arguments if the court finds that the court erred in finding there's no probable cause I'll start with that then I agree with Mr. Rogers in that sense simply because here in order for the court to even get to that point the court will have to already made a decision that the motion to reconsider was providently granted the new transfer agreement has to have two parts the probable cause determination if this court reverses on that we've got that but we still have all the rest of that statute to deal with at that point before the court can enter a final order one way or the other and I think when Mr. Rogers says we may be back here again maybe we will but that's the threshold matter the court here never got any of those other statutory transfer factors because it found no probable cause with regards to the effects of the probable cause determination at the criminal case I would argue that that would be similar to the first issue those two issues I think really relate to whether if this court accepts those arguments it should send it back for further adult proceedings if it rejects those two but finds the court erred in finding no finding no probable cause then I agree with Mr. Rogers in this court's remedy would be to send it back to the juvenile court to complete the transfer hearing and because it's still it could still be transferred I mean he may have aged out of adult court but the process started when he was a juvenile it never ended it just went to adult court for a while so you think there's jurisdiction for the juvenile court to go ahead with the transfer process? I do because it started as a juvenile case and it technically never ended in the sense that it's one continuous proceeding judge so the court acquired jurisdiction at the time of the juvenile prosecution it never lost jurisdiction it was only a transfer from one court to another if that makes sense that's all I have Your Honor and Justice Moore it's been a pleasure these years to argue in front of you I appreciate it good luck in retirement I'll miss you Thank you Mr. Daly Thank you Thank you Mr. Daly Okay This matter will be taken under environment I appreciate your arguments it's a very interesting case of first impression I believe and so we will issue an order in due course